UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD LLAMA GALINDEZ, | ) | 1:11-cv-01769-JLT HC |
| Petitioner, | ) ) ) | ORDER REQUIRING PETITIONER TO FILE FIRST AMENDED PETITION |
| v. | ) ) | ORDER DIRECTING CLERK OF COURT TO |
| SOLANO PUBLIC GUARDIAN, et al., | ) ) | SEND PETITIONER FORM FOR FILING PETITION PURSUANT TO 28 U.S.C. § 2254 |
| Respondents. | ) ) | |

Petitioner is presently confined by the State of California and proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 19, 2011, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). As discussed below, the Court is unable to comprehend Petitioner's contentions and will, therefore, order Petitioner to file an amended petition clearly setting forth his federal habeas claims.

A. <u>Preliminary Screening of the Petition</u>.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

B. <u>Failure to State a Comprehensible and Cognizable Habeas Claim.</u>

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254 Cases. The petition must also allege the facts surrounding the petitioner's incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>United States v. Poopola</u>, 881 F.2d 811, 812 (9th Cir. 1989).

At a minimum, the Court must be able to discern (1) the constitutional nature of the habeas claim; (2) the pertinent facts supporting the claim; and (3) the relief requested. In the instant petition, the Court can discern none of these essential components of a cognizable habeas petition because Petitioner's "claim" or "claims" are entirely incomprehensible.

The petition, which is almost entirely handwritten, names as Respondents the following: California Court of Appeal, First Appellate District; Solano County Counsel; Napa State Hospital; California Mental Health in Sacramento, California; and Country Villa Merced Mental Health. (Doc. 1, p. 1). The last-named Respondent is the venue where Petitioner is presently confined, apparently pursuant to a mental health order issued in Solano County, California. The front page of the petition refers to an order of conservatorship. (<u>Id</u>.). Unfortunately, that is the sum total of the information this Court has been able to glean from the petition.

The handwritten portion of the petition begins with a rambling, seemingly stream-of-consciousness discussion about "Miss Edison," "Sonny Berger," Nazis, attacks on various

individuals, as well as items apparently taken from current newspaper articles. (Doc. 1, p. 3). Other references include a man named Todd who was doused with gasoline and set on fire, Jimmy, who was busted for making methamphetamine, and a motorcycle club and its members, whom Petitioner accuses of stealing $18,000 from Petitioner. (Doc. 1, pp. 4-6). The handwritten portion of the petition then moves on to descriptions, including detailed diagrams, of how to prepare certain illegal drugs for consumption, possibly rock cocaine or crystal methamphetamine.

Although the Court cannot comprehend much of what Petitioner has written, what is abundantly clear is that the petition, in its present form, contains no discernable claims for federal habeas relief. Moreover, Petitioner has provided insufficient information regarding his present "confinement" for the Court to conduct its regular preliminary screening of the petition for venue and habeas jurisdiction.

It is not the duty of federal courts to try to second-guess the meaning of allegations and written statements of petitioners. More so, it is not the duty of the Court to attempt to divine Petitioner's intent when that intent is not clearly expressed. Rather, the duty devolves upon the individual to assert a denial of his constitutional rights and to provide the Court with a statement *of sufficient clarity and sufficient supporting facts* to enable the Court to understand his claims and to render reasonable decisions on the matter.

Moreover, Petitioner does not appear to allege "constitutional error" at any point in his filings. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner out of whole cloth. A petitioner in federal court cannot merely make a declaratory statement about his circumstances and expect the Court to explore all possible grounds under each article and amendment of the Constitution that might be applicable.

Accordingly, Petitioner will be afforded an opportunity to amend his petition to state cognizable federal habeas claims in a coherent manner, using the form provided by the Court. Petitioner will be required to fill out that form completely, using clear and precise language to explain his claim or claims to this Court. If he is unable to do so, the Court will issue Findings

1 and Recommendations to dismiss the petition.

**ORDER**

Accordingly, it is HEREBY ORDERED:

Within thirty (30) days of the date of service of this Order, Petitioner SHALL FILE A FIRST AMENDED PETITION in which Petitioner fills out the form provided by the Court and properly states all grounds for relief in the form itself in a succinct and clear fashion and names the proper Respondent.  The first amended petition should be clearly and boldly titled "FIRST AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury.  Petitioner should also note that every pleading to which an amendment is permitted *must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading*.  Local Rule 220.

1. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.
2. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **October 28, 2011**              /s/ **Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE