1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                                EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD LLAMA GALINDEZ,            )   1:11-cv-01769-AWI-JLT HC
                                       )
12                    Petitioner,      )   FINDINGS AND RECOMMENDATIONS TO
                                       )   DISMISS FIRST AMENDED PETITION FOR
13         v.                          )   WRIT OF HABEAS CORPUS
                                       )
14                                     )   ORDER DIRECTING THAT OBJECTIONS BE
     SOLANO PUBLIC GUARDIAN, et al.,   )   FILED WITHIN TWENTY DAYS
15                                     )
                      Respondents.     )
16   _____ )

17

18         Petitioner is presently confined by the State of California and proceeding pro se with a

19   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 19, 2011, Petitioner

20   filed a petition for writ of habeas corpus in this Court. (Doc. 1).  On October 31, 2011, after

21   conducting a preliminary screening of the petition, the Court ordered Petitioner to file an

22   amended petition because the original petition was incomprehensible.  (Doc. 6).  On November

23   7, 2011, Petitioner filed his first amended petition.  The form petition itself contains no claims

24   whatsoever; rather, under "Ground One" Petitioner has simply listed the letters referencing nine

25   of the ten general descriptive categories for raising a habeas claim contained in the form petition.

26   (Doc. 11, p. 4).

27         A.  Preliminary Screening of the Petition.

28         Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

                                                    1

1 review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

2 plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

3 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

4 Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules

5 Governing § 2254 Cases.

6     B.  Failure to State a Comprehensible and Cognizable Habeas Claim.

7     A federal court may only grant a petition for writ of habeas corpus if a petitioner can

8 show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254 (a).

9 Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254,  Petitioner must

10 demonstrate that the adjudication of his claim in state court

11     resulted in a decision that was contrary to, or involved an unreasonable application
      of, clearly established Federal law, as determined by the Supreme Court of the
12     United States; or resulted in a decision that was based on an unreasonable
      determination of the facts in light of the evidence presented in the State court
13     proceeding.

14 28 U.S.C. § 2254(d)(1),(2).

15     A petition for writ of habeas corpus must therefore specify the grounds for relief.  Rule

16 2(c) of the Rules Governing Section 2254 Cases.  The petition must also allege the facts

17 surrounding the  petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific

18 factual allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v.

19 Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.

20 1989).

21     At a minimum, the Court must be able to discern (1) the constitutional nature of the

22 habeas claim; (2) the pertinent facts supporting the claim; and (3) the relief requested.  In the

23 instant petition, the Court can discern none of these essential components of a cognizable habeas

24 petition because Petitioner's "claim" or "claims" are entirely incomprehensible.

25     The original petition, which is almost entirely handwritten, names as Respondents the

26 following: California Court of Appeal, First Appellate District; Solano County Counsel; Napa

27 State Hospital; California Mental Health in Sacramento, California; and Country Villa Merced

28 Mental Health.  (Doc. 1, p. 1).  The last-named Respondent is the venue where Petitioner is

2

1    presently confined, apparently pursuant to a mental health order issued in Solano County,

2    California.  The front page of the petition refers to an order of conservatorship.  (Id.).

3    Unfortunately, that is the sum total of the information this Court has been able to glean from the

4    petition.

5       The handwritten portion of the petition begins with a rambling, seemingly stream-of-

6    consciousness discussion about "Miss Edison," "Sonny Berger," Nazis, attacks on various

7    individuals, as well as items apparently taken from current newspaper articles.  (Doc. 1, p. 3).

8    Other references include a man named Todd who was doused with gasoline and set on fire,

9    Jimmy, who was busted for making methamphetamine, and a motorcycle club and its members,

10   whom Petitioner accuses of stealing $18,000 from Petitioner.  (Doc. 1, pp. 4-6).   The

11   handwritten portion of the petition then moves on to descriptions, including detailed diagrams, of

12   how to prepare certain illegal drugs for consumption, possibly rock cocaine or crystal

13   methamphetamine.

14       As the Court noted in its order to amend:

15         [A]lthough the Court cannot comprehend much of what Petitioner has written, what is
16         abundantly clear is that the petition, in its present form, contains no discernable claims for
           federal habeas relief.  Moreover, Petitioner has provided insufficient information
           regarding his present "confinement" for the Court to conduct its regular preliminary
17         screening of the petition for venue and habeas jurisdiction.

18   (Doc. 6, p. 3).  Accordingly, Petitioner was ordered to file an amended petition within thirty days.

19       Petitioner dutifully filed his first amended petition on November 7, 2011.  However, the

20   first amended petition provides even less information than the original petition, and contains

21   neither discrete claims nor any supporting facts, information, or legal citations.  Rather,

22   Petitioner simply underlines the phrase "in custody unlawfully" on the form petition and lists

23   subparagraphs a, and c through j of paragraph 12 on the form petition as grounds for his habeas

24   claim.  The various subparagraphs of paragraph 12, however, are not intended to be actual

25   grounds for habeas relief, but rather are intended to provide a petitioner with various generalized

26   categories of types of claims that a petitioner might raise.  So, for example, paragraph 12 (c)

27   refers to a "[c]onviction obtained by use of evidence gained pursuant to an unconstitutional

28   search and seizure."  Subparagraph 12 (g) refers to a "[c]onviction obtained by a violation of the

1    protection against double jeopardy."  Subparagraph 12 (j) refers to a "[d]enial of a right of

2    appeal."

3         Obviously, these generalized categories are intended only to direct inmates unskilled in

4    the practice of law to particular areas in the legal process from which habeas claims might derive.

5    They are not claims in and of themselves, and simply referencing the subparagraphs, without

6    providing any further information or details, is grossly inadequate to properly assert a cognizable

7    federal habeas claim.  Thus, for example, if a petitioner were to allege a claim under

8    subparagraph 12(g), he would be expected to provide the district court with additional

9    information regarding the specific search and/or seizure he is claiming was unconstitutionally

10   conducted, e.g., the date of the search or seizure, the place or person searched, the evidence

11   seized, and at least a minimal description of the circumstances that he alleges make the search or

12   seizure "unreasonable."  The petitioner could not simply write "12(g)" on the form petition and

13   expect this Court to divine the rest.

14        It is not the duty of federal courts to try to second-guess the meaning of allegations and

15   written statements of petitioners.  Likewise, it is not the duty of the Court attempt to divine

16   Petitioner's intent when that intent is not clearly expressed.  Rather, the duty devolves upon the

17   individual to assert a denial of his constitutional rights and to provide the Court with a statement

18   *of sufficient clarity and sufficient supporting facts* to enable the Court to understand his claims

19   and to render reasonable decisions on the matter.

20        In neither the original nor first amended petition does Petitioner appear to allege

21   "constitutional error."  While courts should liberally interpret pro se pleadings with leniency and

22   understanding, this should not place on the reviewing court the entire onus of creating a federal

23   claim for the petitioner out of whole cloth.  A petitioner in federal court cannot merely make a

24   declaratory statement about his circumstances and expect the Court to explore all possible

25   grounds under each article and amendment of the Constitution that might be applicable.

26        More importantly, a petitioner is required to not only allege constitutional error but also

27   to provide a sufficient factual basis for the Court to comprehend the nature and scope of the

28   claim.  O'Bremski, 915 F.2d at 420; Poopola, 881 F.2d at 812.  This Petitioner has failed to do.

4

1    Because Petitioner has failed to assert a cognizable habeas claim in either of his petitions, the

2    Court will recommend that the first amended petition be dismissed for failure to state a

3    cognizable habeas claim.

4            C.   Failure To Exhaust Claims.

5            A petitioner who is in state custody and wishes to collaterally challenge his conviction by

6    a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

7    The exhaustion doctrine is based on comity to the state court and gives the state court the initial

8    opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

9    U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d

10   1158, 1163 (9th Cir. 1988).

11           A petitioner can satisfy the exhaustion requirement by providing the highest state court

12   with a full and fair opportunity to consider each claim before presenting it to the federal court.

13   Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

14   Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

15   state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

16   highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);

17   Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

18           Additionally, the petitioner must have specifically told the state court that he was raising

19   a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

20   669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

21   Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

22   Supreme Court reiterated the rule as follows:

23           In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of
        state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts
24      in order to give the State the "opportunity to pass upon and correct alleged violations of
        the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are
25      to be given the opportunity to correct alleged violations of prisoners' federal rights, they
        must surely be alerted to the fact that the prisoners are asserting claims under the United
26      States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a
        state court trial denied him the due process of law guaranteed by the Fourteenth
27      Amendment, he must say so, not only in federal court, but in state court.

28

                                                    5

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,*" Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the first amended petition, Petitioner alleges that he has a November 18, 2011 date in the Sacramento Superior Court for a hearing on an unspecified legal matter.  (Doc. 11, p. 3). Petitioner also indicates that, at the time he filed the first amended petition, he still had thirty days remaining to appeal a October 27, 2011 ruling in the California Court of Appeal, First Appellate District.  (Doc. 11, p. 2).  Again, Petitioner does not explain to what legal proceeding such an appeal might relate.  However, even assuming, arguendo, that Petitioner has properly stated a federal habeas claim in the first amended petition, it appears that he still has state legal proceedings pending on the case that gives rise to this federal habeas proceeding.  If that is indeed true, then, by definition, Petitioner has not exhausted his state remedies since they are still pending.

D.  Younger Abstention.

Finally, because state law proceedings are still pending in Petitioner's case, it is inappropriate for a federal district court to interfere.  Under such circumstances, abstention is the appropriate option.

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  Younger v. Harris, 401 U.S. 37, 43-45 (1971); Samuels v. Mackell, 401 U.S. 66, 68- 69 (1971).  Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for

1    state functions and not unduly interfere with the state's good faith efforts to enforce its own laws

2    in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S.

3    423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23

4    F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d 810,

5    813 (9th Cir.1989). The Younger doctrine stems from this longstanding public policy against

6    federal court interference with state court proceedings. Younger, 401 U.S. at 43.  Federal courts

7    should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or

8    harassment. Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of

9    criminal defense are not the kind of special circumstances or irreparable harm that justify federal

10   court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir.

11   1994).  Nor is federal injunctive relief to be used to test the validity of an arrest or the

12   admissibility of evidence in a state criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85

13   (1971).

14          The Ninth Circuit follows a three-prong test espoused by the United States Supreme

15   Court to determine whether abstention under the Younger doctrine is appropriate. Younger

16   abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state

17   proceedings involve important state interests; and (3) the state proceedings afford adequate

18   opportunity to raise the constitutional issue.  Middlesex County Ethics Comm., 457 U.S. at 432;

19   Delta Dental Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1294 (9th Cir.1998); Dubinka,

20   23 F.3d at 223.  If these three requirements are met, the court must also consider whether any of

21   the narrow exceptions to the Younger abstention doctrine apply.   The court need not abstain if

22   the state court proceedings were undertaken for bad faith or for purposes of harassment or the

23   statute at issue is "flagrantly and patently violative of express constitutional prohibitions."

24   Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816. The extraordinary circumstances

25   exception recognizes that a federal court need not abstain when faced with a statute that is

26   flagrantly unconstitutional in every clause. Dubinka, 23 F.3d at 225.

27          Here, the first requirement is satisfied because, as alleged by Petitioner, the state

28   proceedings have not been concluded.   The second requirement is satisfied because an important

state interest, that of not having the federal courts interfere in state proceedings by precluding a prosecution or mental health confinement, is at issue here. See Dubinka, 23 F.3d at 223. Finally, the third requirement is met because Petitioner can address his constitutional claims regarding unlawful confinement in the state courts of California.

Cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention. Younger, 401 U.S. at 46, 53-54. Where a district court finds Younger abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction, but must dismiss. Judice v. Vail, 430 U.S. 327, 348 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988). The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending). Although Younger involved a state criminal prosecution, the doctrine has been extended to noncriminal judicial proceedings when important state interests are involved. Middlesex, 457 U.S. at 432.

## RECOMMENDATIONS

For the foregoing reasons, the Court HEREBY RECOMMENDS that the first amended petition for writ of habeas corpus (Doc. 11), be dismissed for failure to state a cognizable federal habeas claim, failure to exhaust, and on Younger abstention grounds.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **November 16, 2011**                                    **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE